Cromwell's heirs, &c., vs. Mason's heirs, &c.

CASE 92—PETITION EQUITY—NOVEMBER 23.

# Cromwell's heirs, &c., vs. Mason's heirs, &c.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1.  A sale of infants' real estate under *chapter* 86, *Revised Statutes*, although there had been neither an assessment nor a bond as required, is not *void* in any such sense as to prevent a decretal confirmation of the sale, conformably with the supplemental statutes enacted for that purpose, and the sale having been so confirmed, the title of the purchaser became perfect. (*Thornton vs. McGrath,* 1 *Duvall,* 349.

2.  Having elected to dismiss their first petition to set aside the sale of land (made under *chapter* 86, *Revised Statutes*), and prosecuted their petition to enforce a lien for unpaid purchase money, the plaintiffs are estopped from again assailing the sale as void.

3.  Real estate insusceptible of division without material impairment of its value is authorized to be sold by the *act of February* 15, 1866 (*Myers' Supplement,* 751), and also by *section* 543 *of the Civil Code.* A sale made in accordance with either of these enactments is valid and passed the title.

TURNEY,                                        For Appellants

CITED—

2 *Stant. Rev. Stat., chap.* 86.

*Civil Code, sec.* 543.

16 *B. M.,* 263 ; *Barber's adm'r vs. Hopewell, &c.*

4 *Met.,* 61 ; *Watts, &c., vs. Pond.*

1 *J. J. M.,* 580.

6 *Cranch.,* 88.

7 *B. Mon.,* 162.

9 *B. Mon.,* 300.

3 *Met.,* 255.

TURNER & METCALFE,                        For Appellees,

CITED—

*Act of Sept.* 30, 1861, *Myers' Sup.,* 424.

*Act of March* 1, 1862, *Myers' Sup.,* 425.

*Act of Feb.* 22, 1864, *Myers' Sup.*, 426.
*Act of March* 3, 1863, *Myers' Sup.*, 428.
*Act of Feb.* 9, 1864, *Myers' Sup.*, 429.
*Act of Jan.* 12, 1866, *Myers' Sup.*, 750.
*Civil Code, secs.* 543, 579.
*Rev. Stat., chap.* 86.
1 *Met.*, 281; *Todd vs. Dowd's heirs.*
18 *B. Mon.*, 97–8.
18 *B. Mon.*, 769.
1 *Duvall*, 349; *Thornton, &c., vs. McGrath.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

*Article* 1 *of chapter* 86, *Revised Statutes,* authorizes a court of equity to sell land descending to heirs, any one of whom is an infant, or non-resident, or married woman, or insane, whenever the share of each owner shall not exceed $100 in value.

Article three of same chapter authorizes a decretal sale of an infant's land, however acquired, whenever the court may deem such sale advantageous to the owner, and prescribes stringent precautions for the minor's security.

A supplemental enactment of 15th February, 1866, authorizes the like sale of the land of a plurality of owners, of whatever title or however acquired, whenever it shall appear that a division would impair the value.

And *section* 543 *of the Code of Practice* authorizes courts of equity to sell town lots or other land owned by several persons, " some of whom are infants or of unsound mind," on the simple condition of a building improvement of more value than the ground; and such a proceeding is regulated only by judicial discretion.

A tavern-house and its appurtenant lot in Mount Sterling, Ky., owned by the appellees as infant heirs of John Mason, having been sold and conveyed to the father of

the appellants on the petition of the appellees, the appellants filed a petition for vacating the sale as invalid, on the ground that there had been neither an assessment nor a bond, as required by the said 86th *chapter of the Revised Statutes;* and having, in a suit brought by the appellees to enforce a lien for the unpaid consideration, elected to dismiss their petition, the appellees obtained a decree for the sale of the property, and under that decree bought it. The appellants then again filed their petition in this case for relief on the same alleged ground, that the first sale was *void.*

The circuit court dismissed this last petition, and that judgment, now before this court for revision, is approved for the following reasons:

1. The first sale, even had it been made under the 86th chapter, was not void in any such sense as to prevent a decretal confirmation of it conformably with the supplemental statutes enacted for that purpose. (*Myers' Supplement.*) And the sale having been so confirmed, the title of the purchaser became perfect, as adjudged in *Thornton vs. McGrath,* 1 *Duvall,* 349.

2. After electing to dismiss their first petition for declaring the first sale void, and to defend the petition for enforcing the lien, and thereby ratifying that sale, the appellants are estopped from assailing it again as void.

3. As it appears that the property was insusceptible of division without an impairment of its value, the sale of it was authorized by the act of 15th February, 1866, and also by the 543d section of the Code, and was, according to either of these *enactments,* valid, and passed the title.

Wherefore, no error in detail being suggested or perceived, the judgment is affirmed.